UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ADONAY ENCARNACION, ANDREA WONG, RACHEL STEPHENSON, and BRITTNEY ROBERTS, Individually, and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br>vs.<br><br>J.W. LEE, INC., D/B/A SCARLETT'S CABARET D/B/A SCARLETT'S OF HALLANDALE, FL; et.al.,<br><br>    Defendants. | CASE NO.: 14-CIV-61927-DIMITROULEAS |
| CHRISTINE DEMARIA-DOMINGUEZ, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br>vs.<br><br>JW LEE, INC., a Florida Corporation d/b/a SCARLETT'S CABARET, a Florida corporation,<br><br>    Defendant. | CASE NO. 15-CIV-61173-DIMITROULEAS<br><br>(Consolidated with 14-CIV-61927-DIMITROULEAS) |

**PLAINTIFFS' MOTION FOR APPROVAL OF ATTORNEYS' FEES
AND REIMBURSEMENT OF EXPENSES, AND
INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

**Submitted by:**

Andrew R. Frisch, Esq.
MORGAN & MORGAN P.A.
600 North Pine Island Road, Suite 400
Plantation, Florida 33324
Telephone: (954) WORKERS
Facsimile: (954) 327-3013

Galvin B. Kennedy, Esq.
Beatriz Sosa-Morris, Esq.
KENNEDY HODGES, LLP
711 W. Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

*Attorneys for Plaintiffs and the Settlement Class*

**Table of Contents**

I.  INTRODUCTION ........................................................................................................... 1

II. LEGAL AUTHORITY ................................................................................................. 3

   A.  Class Counsel Is Entitled to a Reasonable Fee of at Least Twenty-Eight Percent (28%) of the Maximum Settlement Payment. ........................................................................... 3

      1.  The Eleventh Circuit Dictates That Class Counsel's Fees Should Be Awarded From the Common Fund Created Through Class Counsel's Efforts. ....................................... 3

      2.  The *Camden I* Factors Support an Award of at Least Twenty-Eight Percent (28%) of the Fund. ................................................................................................................................ 5

         a.  Time and Labor Involved ............................................................................... 6

         b.  The Issues Involved Were Novel and Difficult and Required the Skill of a Highly Talented Team of Attorneys. .............................................................................. 8

         c.  The Claims Against Defendants Entailed Considerable Risk. ................................. 10

         d.  Class Counsel Assumed Substantial Risk to Pursue This Action on a Pure Contingency Basis, and Were Precluded From Other Employment as a Result. ............... 11

         e.  The Requested Fee Comports With Customary Fees Awarded in Similar Cases. ...... 12

         f.  The Remaining *Camden I* Factors Also Favor Approving Class Counsel's Fee Request. ........................................................................................................ 14

III. CONCLUSION ........................................................................................................... 14

## I. **INTRODUCTION**

In connection with Plaintiffs' Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement ("Motion for Final Approval"), filed simultaneously with this motion,[1] Class Counsel respectfully move this Court for an award of attorneys' fees in the amount of twenty-seven point four (27.4%) percent of the Maximum Settlement Payment (the "Fund") and reimbursement of $18,763.94 in out-of-pocket expenses that were incurred in successfully prosecuting this action for a total of award of fees and expenses in the amount of $1,660,450. *See* Exhibit 1 (Declaration of Plaintiffs' Counsel Andrew Frisch). Moreover, Plaintiffs request that the Court order Defendants to pay the Claim Administrator's fees in accordance with the Settlement Agreement.[2]

This is squarely within the range of typical fee awards in common fund/class action cases within the Eleventh Circuit and beyond. *See Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1291 (11th Cir. 1999) (affirming fee award of one-third of $40,000,000.00 common fund created by counsel's efforts); *see also Seghroughni v. Advantus Rest., Inc.*, 2015 WL 2255278, at *1 (M.D. Fla. May 13, 2015) ("An attorney's fee… which is one-third of the settlement fund… is fair and reasonable in light of the results obtained by the Lead Counsel, the risks associated with this action, the Lead Counsel's ability and experience in class action litigation, and fee awards in comparable cases."); *Wolff v. Cash 4 Titles*, 2012 WL 5290155, at *4 (S.D. Fla. Sept. 26, 2012)("One-third of the recovery is considered standard in a contingency

---

[1] For a detailed account of the factual and procedural background of this case, Class Counsel refers the Court to the Memorandum of Law in Support of Plaintiffs' Motion for Final Approval and the supporting Declaration of Andrew Frisch, Exhibit 1.

[2] The parties do not yet know the final Claims Administrator's fee since the notice period has not closed. However, the Claim Administrator's fee will not exceed their quote of $59,500. Exhibit 1, ¶42 (Decl. of Frisch).

fee agreement."); *Willix v. Healthfirst, Inc.*, 2011 WL 754862, at *7 (E.D.N.Y. Feb. 18, 2011) ("Class Counsel's request for 33 1/3% of the fund is reasonable and 'consistent with the norms of class litigation...' ") (quoting *Gilliam v. Addicts Rehab. Ctr. Fund*, 2008 WL 782596, at *5 (S.D.N.Y. Mar. 24, 2008)); *Hosier v. Mattress Firm, Inc.*, 2012 WL 2813960, at *4 (M.D. Fla. June 8, 2012) (approving a common fund FLSA settlement which provided 30% of the common fund for attorneys' fees and costs); *Morefield v. NoteWorld, LLC*, 2012 WL 1355573 (S.D. Ga. April 18, 2012) (class settlement approved with 33 1/3 of the common fund payable as attorneys' fees); *Waters v. Cook's Pest Control, Inc.*, 2012 WL 2923542, at *16 (N.D. Ala. July 17, 2012) (approving attorneys' fees in the amount of 35% of the fund); *Atkinson v. Wal-Mart Stores, Inc.*, 2011 WL 6846747, at *6 (M.D. Fla. Dec. 29, 2011) (approving class settlement with one-third of maximum common fund apportioned as attorneys' fees); *Gutter v. E.I. DuPont De Nemours & Co.*, No. 1:95-cv-02152-ASG, D.E. 626 at 7 (S.D. Fla. May 30, 2003) (awarding class counsel 33.3% of the Settlement Fund as attorneys' fees ($1,201,728.42) because they expended significant time and resources on a purely contingent basis under the common fund theory); *In re Terazosin Hydrochloride Antitrust Litig.*, No. 1:99-md-01317-PAS, Doc. No. 1557 at 8–10 (S.D. Fla. Apr. 19, 2005) (awarding class counsel 33.3% of settlement fund in part because they prosecuted the action on a wholly contingent basis).

Class Counsel's efforts to date have been without compensation, and their entitlement to payment has been wholly contingent upon achieving a good result. Frisch Decl. ¶ 9. For the reasons set forth below, Class Counsel respectfully submit that the attorneys' fees and expense reimbursement they seek are fair and reasonable under the applicable legal standards, and should be awarded in light of the contingency risk undertaken and the result achieved in this case.

## II.     LEGAL AUTHORITY

### A.     Class Counsel Is Entitled to a Reasonable Fee of at Least Twenty-Eight Percent (28%) of the Maximum Settlement Payment.

#### 1. The Eleventh Circuit Dictates That Class Counsel's Fees Should Be Awarded From the Common Fund Created Through Class Counsel's Efforts.

It is well established that when a representative party has conferred a substantial benefit upon a class, counsel is entitled to an allowance of attorneys' fees based upon the benefit obtained. *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980). The common benefit doctrine is an exception to the general rule that each party must bear its own litigation costs. The doctrine serves the "twin goals of removing a potential financial obstacle to a plaintiff's pursuit of a claim on behalf of a class and of equitably distributing the fees and costs of successful litigation among all who gained from the named plaintiff's efforts." *In re Gould Sec. Litig.*, 727 F. Supp. 1201, 1202 (N.D. Ill.1989) (citation omitted); *see also Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1195 (6th Cir.1974). The common benefit doctrine recognizes that those who receive the benefit of a lawsuit without contributing to its costs are "unjustly enriched" at the expense of the successful litigant. *Boeing*, 444 U.S. at 478; *Mills v. Electric Auto–Lite Co.*, 396 U.S. 375, 392 (1970). The Supreme Court, the Eleventh Circuit, and courts in this District have all noted that "[a] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as whole." *In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1333 (S.D. Fla.2001) (citing *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980)); *see also Camden I*, 946 F.2d at 771 ("Attorneys in a class action in which a common fund is created are entitled to compensation for their services from the common fund, but the amount is subject to court approval.").

"In the Eleventh Circuit, class counsel is awarded a percentage of the fund generated through a class action settlement." *In re Checking Account Overdraft Litigation*, 830 F. Supp. 2d 1330, 1358 (S.D. Fla. 2011).[3] In *Camden I,* the Eleventh Circuit held that "the percentage of the fund approach [as opposed to the lodestar approach] is the better reasoned in a common fund case. Henceforth in this circuit, attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class." *Camden I,* 946 F.2d at 774.

"The lodestar approach should not be imposed through the back door via a 'cross-check.'" *In re Checking Account Overdraft Litigation*, 830 F.Supp.2d at 1362. Rather, the lodestar "creates an incentive to keep litigation going in order to maximize the number of hours included in the court's lodestar calculation." *In re Quantum Health Resources, Inc.,* 962 F. Supp. 1254, 1256 (C.D. Cal. 1997). Precisely for this reason, in *Camden I,* the Eleventh Circuit criticized lodestar and the inefficiencies that it creates. 946 F.2d at 773–75. In so doing, the court "mandate[d] the *exclusive* use of the percentage approach in common fund cases, reasoning that it more closely aligns the interests of client and attorney, and more faithfully adheres to market practice." *Goldberger v. Integrated Resources, Inc.,* 209 F.3d 43, 50 (2d Cir. 2000) (emphasis added); *see also* Alba Conte, *Attorney Fee Awards* § 2.7, at 91 fn. 41 ("The Eleventh ... Circuit[ ] repudiated the use of the lodestar method in common-fund cases"). Under *Camden I,* courts in this Circuit regularly award fees based on a percentage of the recovery, without

---

[3] *Waters,* 190 F.3d at 1295 ("no case has held that a district court must consider only the actual payout in determining attorneys' fees") (awarding attorney fees based on a percentage of the common fund and not claims made); *Williams v. MGM-Pathe Commc'ns Co.,* 129 F.3d 1026, 1027 (9th Cir. 1997) ("We conclude that the district court abused its discretion[1] by basing the fee on the class members' claims against the fund rather than on a percentage of the entire fund...") (awarding attorney fees based on a percentage of the 4.5 million dollar common fund and not claims made of approximately $10,000).

4

discussing lodestar at all. *See, e.g., David v. American Suzuki Motor Corp.,* 2010 WL 1628362 (S.D. Fla. Apr. 15, 2010).[4] "[A] common fund is itself the measure of success and represents the benchmark on which a reasonable fee will be awarded.... In this context, monetary results achieved predominate over all other criteria." *Camden I,* 946 F.2d at 774 (citations and alterations omitted).

### 2. The *Camden I* Factors Support an Award of at Least Twenty-Eight Percent (28%) of the Fund.

This Court has substantial discretion in determining the appropriate fee percentage awarded to counsel. "There is no hard and fast rule mandating a certain percentage of a common fund which may be awarded as a fee because the amount of any fee must be determined upon the facts of each case." *In re Sunbeam,* 176 F.Supp.2d at 1333 (quoting *Camden I,* 946 F.2d at 774).

Here, pursuant to the terms of the parties' Joint Stipulation of Class Action Settlement Agreement and Release ("Settlement Agreement"), Plaintiff's undersigned counsel may receive up to $1,660,450.00 in attorneys' fees and costs, which is about 27.4% of the Maximum Settlement Payment (the "Fund") created by their efforts, after reimbursable costs are deducted. Respectfully, here such a fee is appropriate, given the factual circumstances of this case, and well within the range of typical fee awards for common fund cases as well.

The Eleventh Circuit's factors for evaluating the reasonable percentage to award class-action counsel are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the

---

[4] *See also Stahl v. MasTec, Inc.,* 2008 WL 2267469 (M.D. Fla. May 20, 2008); *Sands Point Partners, L.P. v. Pediatrix Med. Group, Inc.,* 2002 WL 34343944 (S.D. Fla. May 3, 2002); *Fabricant v. Sears Roebuck & Co.,* 2002 WL 34477904 (S.D. Fla. Sept. 18, 2002).

amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; (12) awards in similar cases. *Camden I,* 946 F.2d at 772 n. 3 (citing factors originally set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974)).

These twelve factors are not exclusive. "Other pertinent factors are the time required to reach a settlement, whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel, any non-monetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class action." *In re Sunbeam,* 176 F.Supp.2d at 1333 (quoting *Camden I,* 946 F.2d at 775). These factors are merely guidelines, and the Eleventh Circuit has "encouraged the lower courts to consider additional factors unique to the particular case." *Id.* (quoting *Walco Inv., Inc. v. Thenen,* 975 F.Supp. 1468, 1472 (S.D. Fla.1997)). The *Camden I* factors are discussed below:

  a. **Time and Labor Involved**

Class counsel expended significant effort to achieve the $6,000,000.00 settlement for the Class Members. The parties engaged in substantial and voluminous informal discovery before agreeing to resolve the case months. *Id.* ¶31. Defendants made thousands of pages of documents and electronic data available to Class Counsel and their forensic accountant in response to Plaintiffs' document requests. *Id.* Moreover, these documents were examined by Plaintiffs' expert, who then assisted undersigned counsel in confirming that the damages models used for settlement negotiations were appropriate, and confirmed that the allocation methodology used by the parties was appropriate. *Id.* ¶38 (*See* Affidavit of Williams, Exhibit A to Decl. of Frisch). To date, Plaintiffs' counsel has expended in excess of 500 hours investigating, identifying,

litigating and resolving this case.

The parties' settlement negotiations were also extensive. The parties attended a heated full-day mediation with Mediator, Adrienne Fechter, of Fechter Mediation & Arbitration Services, LLC. *Id.* ¶32. Despite mediating for over twelve (12) hours, the parties did not reach a settlement at mediation and the mediation reached an impasse. *Id.* ¶ 35. Subsequent to the full-day mediation, the parties attended two (2) additional half-day in-person settlement conferences in which they continued to negotiate a settlement of the instant claims. *Id.,* ¶ 36.

On March 2, 2015, after weeks of negotiation, the parties reached a settlement in principle, on a class-wide basis, regarding all claims in the case. *See* D.E. 36 (Notice of Settlement). Subsequently, the parties drafted a detailed settlement agreement, which they continued to negotiate for many weeks, and which incorporated all terms and which all parties have signed. D.E. 64-1, p. 21-46 (Joint Stipulation of Class Action Settlement Agreement and Release ("Settlement Agreement")); *see also*, D.E. 75 (Settlement Agreement revised to modify "Participating Class Member" definition and Ohio Class); D.E. 76 (Order granting Motion to Correct Scrivener's Error and Modify the Settlement Agreement).

On June 26, 2015, Plaintiffs filed a Motion for Preliminary Approval. *See* D.E. 64. The Court granted Plaintiffs' Motion, by Order entered June 30, 2015. *See* D.E. 65.

In performing the aforementioned work on behalf of the class, Class Counsel spent well over 500 hours of attorney, paralegal, law clerk and staff member time. Moreover, the requested fees are not based solely on the time and effort already expended; they are also meant to compensate Class Counsel for time that will be spent administering the settlement in the future. *See deMunecas v. Bold Food, LLC*, No. 09 Civ. 440, 2010 WL 3322580, at *10 (S.D.N.Y. Aug. 23, 2010) ("The fact that Class Counsel's fee award will not only compensate them for time and

effort already expended, but for time that they will be required to spend administering the settlement going forward also supports their fee request" of 33% of the fund); *Parker v. Jekyll & Hyde Entm't Holdings, LLC*, No. 08 Civ. 7670, 2010 WL 532960, at *2 (S.D.N.Y. Feb. 9, 2010) ("[A]s class counsel is likely to expend significant effort in the future implementing the complex procedure agreed upon for collecting and distributing the settlement funds, the multiplier will diminish over time"). In Class Counsel's experience, administering class settlements of this nature and size requires a substantial and ongoing commitment. Frisch Decl. ¶ 61. For example, since the Notices were sent out, Class Counsel and staff have responded to inquiries from class members requesting information regarding the terms of the settlement and the amount of their settlement award. *Id.* Class Counsel expects to respond to more class member inquiries after final approval, especially after checks are issued. *Id.* Moreover, because Qualified Class Members will receive their settlement payments over a two year time period, Class Counsel expects to respond to their continued inquiries throughout the entire payment period. *Id.* ¶ 7.

### b. The Issues Involved Were Novel and Difficult and Required the Skill of a Highly Talented Team of Attorneys.

Courts have recognized that wage and hour cases involve complex legal issues. "FLSA claims typically involve complex mixed questions of fact and law . . . . These statutory questions must be resolved in light of volumes of legislative history and over four decades of legal interpretation and administrative rulings." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 743 (1981); *see also Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir.1977) ("class action suits have a well deserved reputation as being most complex").

Among FLSA/Wage and Hour cases, the most complex type is the "hybrid" action brought here, where state wage and hour violations are brought as an "opt out" class action pursuant to Federal Rule of Civil Procedure 23 in the same action as the FLSA "opt in"

collective action pursuant to 29 U.S.C. § 216(b). Because the same set of operative facts is being applied and analyzed under both statutory frameworks, justice is served and consistency and efficiency are achieved by having the litigation in one forum. *See Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 89 (S.D.N.Y. 2001).

In this case, there were several disputed questions of law and fact, including the application of the FLSA and the FLMWA (or lack thereof) to independent contractors under these circumstances, whether the monies received by Plaintiffs from Defendants' patrons are tips or service charges, whether the Defendants are entitled to an offset in whole or in part from such monies received from their patrons, whether the arbitration provisions and class action waivers in the Independent Contractor Agreements are valid/enforceable and to what extent, and whether the Defendants are entitled to the benefit of the tip credit.

Given the level of complexity in this matter as outlined above, the attorneys on both sides of the case were required to have an exceptional amount of skill and knowledge in wage and hour law, in order to properly litigate the case on behalf of their clients. *See Walco,* 975 F. Supp. at 1472 (explaining that "[g]iven the quality of defense counsel from prominent national law firms, the Court is not confident that attorneys of lesser aptitude could have achieved similar results"); *see also Camden I,* 946 F. 2d at 772 n. 3 (in assessing the quality of representation by Class Counsel, Court also should consider the quality of their opposing counsel.); *Johnson,* 488 F.2d at 718; *Ressler v. Jacobson,* 149 F.R.D. 651, 654 (M.D. Fla. 1992). "The fact that this level of legal talent was available to the Settlement Class is another compelling reason in support of the fee requested… In the private marketplace, as pointed out by several of Plaintiffs' experts, counsel of exceptional skill commands a significant premium." *In re Checking Account Overdraft Litigation,* 830 F. Supp.2d at 1363. So it should be here. *Id.*

### c. The Claims Against Defendants Entailed Considerable Risk.

Prosecuting these claims was a significant undertaking. The risks involved in this type of case from the Plaintiffs' perspective have been discussed at length above, and elsewhere. "The simple fact is that there were a larger than usual number of ways that Plaintiffs could have lost this case, and they still managed to achieve a successful substantial settlement. A significant amount of the credit for this must be given to Class Counsel's strategy choices, effort and legal acumen." *Id.* at 1363-64.[5]

"A court's consideration of this factor recognizes that counsel should be rewarded for taking on a case from which other law firms shrunk. Such aversion could be due to any number of things, including social opprobrium surrounding the parties, thorny factual circumstances, or the possible financial outcome of a case. All of this and more is enveloped by the term 'undesirable.'" *In re Sunbeam*, 176 F.Supp.2d at 1336. In addition, "[t]he point at which plaintiffs settle with defendants ... is simply not relevant to determining the risks incurred by their counsel in agreeing to represent them." *Skelton v. General Motors Corp.*, 860 F.2d 250, 258 (7th Cir.1988), *cert. denied*, 493 U.S. 810, 110 S.Ct. 53, 107 L.Ed.2d 22 (1989). "Undesirability" and relevant risks must be evaluated from the standpoint of plaintiffs' counsel as of the time they commenced the suit, not retroactively, with the benefit of hindsight. *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 112 (3d Cir.1976); *Walco*, 975

---

[5] "The very uncertainty of outcome in litigation, as well as the avoidance of wasteful litigation and expense, lay behind the Congressional infusion of a power to compromise. This is a recognition of the policy of the law generally to encourage settlements. This could hardly be achieved if the test on hearing for approval meant establishing success or failure to a certainty." *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 212 (5th Cir.1981) (quoting *Florida Trailer and Equipment Co. v. Deal*, 284 F.2d 567, 571 (5th Cir.1960)).

F.Supp. at 1473. Courts have repeatedly recognized that "[a]ttorneys' risk is perhaps the foremost factor in determining an appropriate fee award." *Francisco v. Numismatic Guar. Corp. of Am.,* 2008 WL 649124, at *14 (S.D. Fla. Jan. 31, 2008), citing *Pinto v. Princess Cruise Lines,* 513 F.Supp.2d 1334, 1339 (S.D. Fla. 2007); *Ressler v. Jacobson,* 149 F.R.D. 651, 656 (M.D. Fla. 1992) ("Numerous cases recognize that the attorney's contingent fee risk is an important factor in determining the fee award.").

Throughout the pendency of the case, Defendants maintained both that they properly classified Plaintiffs as independent contractors and the FLSA (and corresponding Florida Constitutional) was inapplicable, that Plaintiffs had not complied with Florida constitutional and statutory provisions, and that the Plaintiffs would not be able to maintain a class, due to factual differences in the work settings of the individual members of the class, and class waiver and arbitration provisions in their independent contractor agreements. Further, Defendants contended that even if the FLSA was applicable to the Plaintiffs, there was no FLSA violation because they were entitled to an "off set" for the alleged service charges Defendants allowed the Plaintiffs to retain. "[G]iven the positive societal benefits to be gained from lawyers' willingness to undertake difficult and risky, yet important, work like this, such decisions must be properly incentivized." *In re Checking Account Overdraft Litigation,* 830 F.Supp.2d at 1364. Respectfully, Plaintiffs submit that the proper incentive here is an attorneys' fee award of $1,641,686.06 (or approximately 27.4% of the Settlement Fund) and reimbursement of expenses in the amount of $18,763.94. Exhibit 1 ¶50 (Decl. of Frisch).

    d. **Class Counsel Assumed Substantial Risk to Pursue This Action on a Pure Contingency Basis, and Were Precluded From Other Employment as a Result.**

Class Counsel prosecuted the action entirely on a contingent fee basis. Frisch Decl. ¶ 7.

In undertaking to prosecute this complex action on that basis, Class Counsel assumed a significant risk of nonpayment or underpayment. *Id.* Numerous cases recognize that the contingent fee risk is an important factor in determining the fee award. "A contingency fee arrangement often justifies an increase in the award of attorney's fees." *In re Sunbeam,* 176 F.Supp.2d at 1335 (quoting *Behrens v. Wometco Enters., Inc.,* 118 F.R.D. 534, 548 (S.D.Fla.1988), aff'd, 899 F.2d 21 (11th Cir. 1990)); *see also In re Continental Ill. Sec. Litig.,* 962 F.2d 566 (7th Cir.1992) (holding that when a common fund case has been prosecuted on a contingent basis, plaintiffs' counsel must be compensated adequately for the risk of non-payment); *Ressler,* 149 F.R.D. at 656 ("Numerous cases recognize that the attorney's contingent fee risk is an important factor in determining the fee award."); *Walters v. Atlanta,* 652 F.Supp. 755, 759 (N.D.Ga.1985), *modified,* 803 F.2d 1135 (11th Cir.); *York v. Alabama State Bd. of Education,* 631 F.Supp. 78, 86 (M.D.Ala.1986).

> As Judge King has observed:
>
> Generally, the contingency retainment must be promoted to assure representation when a person could not otherwise afford the services of a lawyer.... A contingency fee arrangement often justifies an increase in the award of attorney's fees. This rule helps assure that the contingency fee arrangement endures. If this "bonus" methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing.

*Behrens,* 118 F.R.D. at 548. The risks taken by Class Counsel have been discussed. It is uncontroverted that the time spent on the Action was time that could not be spent on other matters. Thus, this factor too supports the requested fee.

    e.    **The Requested Fee Comports With Customary Fees Awarded in Similar Cases.**

The attorneys' fees sought in this case are consistent with those that have been routinely

held to be reasonable in other class action/common fund settlement throughout this District and beyond. Indeed, numerous recent decisions with this Circuit and in similar wage and hours class/collective actions have awarded attorneys' fees up to, and often in excess of, the 27.7 % requested by class counsel here. *See, e.g., Seghroughni v. Advantus Rest., Inc.*, 2015 WL 2255278, at *1 (M.D. Fla. May 13, 2015) ("An attorney's fee… which is one-third of the settlement fund… is fair and reasonable in light of the results obtained by the Lead Counsel, the risks associated with this action, the Lead Counsel's ability and experience in class action litigation, and fee awards in comparable cases."); *Wolff v. Cash 4 Titles*, 2012 WL 5290155, at *4 (S.D. Fla. Sept. 26, 2012) ("One-third of the recovery is considered standard in a contingency fee agreement."); *Willix v. Healthfirst, Inc.*, 2011 WL 754862, at *7 (E.D.N.Y. Feb. 18, 2011) ("Class Counsel's request for 33 1/3% of the fund is reasonable and 'consistent with the norms of class litigation…' ") (quoting *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2008 WL 782596, at *5 (S.D.N.Y. Mar. 24, 2008)); *Hosier v. Mattress Firm, Inc.*, 2012 WL 2813960, at *4 (M.D. Fla. June 8, 2012) (approving a common fund FLSA settlement which provided 30% of the common fund for attorneys' fees and costs); *Morefield v. NoteWorld, LLC*, 2012 WL 1355573 (S.D. Ga. April 18, 2012) (class settlement approved with 33 1/3 of the common fund payable as attorneys' fees); *Atkinson v. Wal-Mart Stores, Inc.*, 2011 WL 6846747, at *6 (M.D. Fla. Dec. 29, 2011)(approving class settlement with one-third of maximum common fund apportioned as attorneys fees); *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F.Supp.2d 1185, 1210 (S.D.Fla.2006) (awarding fees of 31 ½% of settlement fund); *Gutter v. E.I. DuPont De Nemours & Co.*, No. 1:95–cv–02152–ASG, D.E. 626 at 7 (S.D. Fla. May 30, 2003) (awarding class counsel 33.3% of the Settlement Fund as attorneys' fees ($1,201,728.42) because they expended significant time and resources on a purely contingent basis under the common fund theory); *In re*

*Terazosin Hydrochloride Antitrust Litig.*, No. 1:99–md–01317–PAS, Doc. No. 1557 at 8–10 (S.D. Fla. Apr. 19, 2005) (awarding class counsel 33.3% of settlement fund in part because they prosecuted the action on a wholly contingent basis); *In re Managed Care Litig. v. Aetna*, MDL No. 1334, 2003 WL 22850070 (S.D. Fla. Oct. 24, 2003) (35.5% of settlement).

### f.   The Remaining *Camden I* Factors Also Favor Approving Class Counsel's Fee Request.

The remaining *Camden I* factors also support Class Counsel's fee request. The burdens of this litigation and the results obtained on behalf of Plaintiffs and the Class weigh in favor of the fee requested. The fee request is firmly rooted in "the economics involved in prosecuting a class action." *See In re Sunbeam*, 176 F.Supp.2d at 1333. "[P]roper incentives must be maintained to insure that attorneys of this caliber are available to take on cases of significant public importance like this one." *In re Checking Account Overdraft Litigation*, 830 F.Supp.2d at 1368. The factual record in this case compels this result.

### III.   CONCLUSION

For the reasons set forth above, Plaintiffs respectfully requests that the Court approve the award of Class Counsel attorneys' fees and costs in the amount of $1,660,450, which is approximately 27.7% of the Maximum Settlement Fund, and order Defendants to pay the Claims Administrator's fee in accordance with the Settlement Agreement.

Dated: October 12, 2015

          Respectfully submitted,

          **MORGAN & MORGAN, P.A.**

          */s/ Andrew R. Frisch*
          Andrew R. Frisch, Esq.
          MORGAN & MORGAN P.A.
          600 North Pine Island Road, Suite 400
          Plantation, Florida 33324
          Telephone: (954) WORKERS
          Facsimile: (954) 327-3013
          E-Mail: AFrisch@forthepeople.com

          -and-

          Galvin B. Kennedy, Esq. (admitted *pro hac vice*)
          Beatriz Sosa-Morris, Esq. (admitted *pro hac vice*)
          KENNEDY HODGES, LLP
          711 W. Alabama St.
          Houston, TX 77006
          Telephone: (713) 523-0001
          Facsimile: (713) 523-1116
          E-mail: gkennedy@kennedyhodges.com
          E-mail: bsosamorris@kennedyhodges.com

          *Attorneys for Plaintiffs and the Proposed Settlement Class*

## CERTIFICATE OF CONFERRAL

Plaintiffs' undersigned counsel certifies that, pursuant to the Local Rules of the Southern District of Florida, and the Federal Rules of Civil Procedure, he has conferred in good faith regarding the relief sought in this Motion, and is authorized to represent to the Court that Defendants do not oppose same.

          */s/ ANDREW FRISCH*
          ANDREW FRISCH, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to all counsel of record this $12^h$ day of October, 2015.

/s/ ANDREW FRISCH
ANDREW FRISCH, ESQ.